UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Kathryn M. Morris,** | ) | **CASE NO. 5:12 CV 2358** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **Carolyn W. Colvin,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

This matter is before the Court upon the Report and Recommendation ("R&R") of Magistrate Judge George J. Limbert (Doc. 16) recommending that the decision of the Commissioner be affirmed. For the reasons that follow, the R&R is REJECTED, defendant's decision is VACATED and this matter is REMANDED to defendant for further proceedings consistent with this Opinion.

**ANALYSIS**

Plaintiff, Kathryn M. Morris, appeals the final decision of defendant denying her application for disability insurance benefits. The Administrative Law Judge ("ALJ") concluded at step one in the sequential analysis that plaintiff was not entitled to benefits because she engaged in substantial gainful employment during the period she was insured.   The ALJ went on to address step two and, at that step, concluded that plaintiff did not suffer from a severe impairment.  The ALJ did not consider, in the alternative, whether the impairments (if severe) met or equalled a listing.  Nor did the ALJ determine plaintiff's residual functional capacity ("RFC").

The Magistrate Judge did not reach plaintiff's step one argument.  Rather, the Magistrate Judge recommends that even if the ALJ erred at step one, substantial evidence supported her determination at step two that plaintiff does not suffer from a sever impairment.  Plaintiff objects to both conclusions.

A.  Step one

Plaintiff argues that the ALJ erred in determining that plaintiff engaged in substantial gainful employment.  According to plaintiff, her testimony and that of her employer conclusively demonstrate that plaintiff last worked on December 6, 2008, which coincides with plaintiff's disability onset date.  Her date last insured is December 31, 2008.  Thus, the Court must determine whether plaintiff engaged in substantial gainful employment during the relevant period, *i.e.*, between December 6, 2008 and December 31, 2008.  It is not clear whether the ALJ understood this to be the relevant period for determining substantial gainful employment.  Twice the ALJ mentioned that plaintiff engaged in substantial gainful employment during the "last quarter" of 2008.  At no point did the ALJ specifically address whether she believed the

2

evidence showed that plaintiff worked after the alleged onset date.  Thus, the Court is not convinced the ALJ understood the relevant period in question.  The Magistrate Judge and the plaintiff appear to believe that the ALJ concluded from the evidence that plaintiff did in fact work after the alleged onset date.  If the ALJ so concluded, the decision is not supported by substantial evidence.  The ALJ references plaintiff's work history, in which plaintiff indicates that she worked "from 2006 through December of 2008."  In addition, an updated certified earnings record shows that plaintiff worked "during the last quarter" of 2008.  The Court finds that none of this evidence is inconsistent with plaintiff's testimony that the last day she worked was December 6, 2008.  In addition, plaintiff's former employer confirmed this date as her final day of employment.  Thus, even if the ALJ intended to conclude that plaintiff worked after December 6, 2008, there is not substantial evidence to support this conclusion.  Accordingly, the ALJ erred at step one of the sequential analysis.[1]

    B.  Step two

At step two, the ALJ determined that plaintiff suffered from "osteoarthritis," as well as other impairments, but the ALJ concluded that no impairment was "severe" for purposes of a disability analysis.  The Magistrate Judge recommends accepting this conclusion.  Plaintiff objects on the grounds that substantial evidence does not support the ALJ's conclusion.

---

[1] Because there is no indication that plaintiff worked during the relevant period, the ALJ's analysis as to work "accommodations," which relate to work performed before the alleged onset date, are not relevant to the step one analysis.  Moreover, the ALJ indicated that plaintiff failed to establish that she did not engage in substantial gainful activity for a continuous twelve-month period.  That requirement, however, simply does not exist in social security law.

According to plaintiff, step two is a "*de minimis*" hurdle designed to weed out "totally groundless" claims. Plaintiff claims that she satisfies step two in the sequential analysis because "osteoarthritis" is a severe impairment.

Upon review, the Court finds plaintiff's objection to be well-taken. Here, plaintiff did not seek treatment for osteoarthritis during the relevant time period. The ALJ assessed two treatment records dating back approximately six-months from plaintiff's alleged onset date. In June of 2008, plaintiff had a complete medical workup. At that visit, the doctor indicated that plaintiff has a history of "osteoarthros" and further indicated that plaintiff should follow up with a different doctor for "knees, hips, recommended replacement." A similar notation appears in medical records dated July of 2008. The ALJ considered these to be the only relevant medical evidence and concluded that the records were insufficient to establish a "severe" impairment.[2] Plaintiff objects on the grounds that later medical evidence is relevant to establishing the state of her condition as it existed during the relevant time period. Plaintiff points out that in treatment notes dated eight months after the expiration of her insured status, Dr. Batur indicated that plaintiff has "severe" arthritis in both knees and that her left knee has "always" been symptomatic. In addition, plaintiff points out that plaintiff underwent a double knee replacement the following year. The ALJ concluded that this evidence was not relevant because it described conditions arising after the date her insured status expired. Plaintiff also correctly notes that the record contains medical evidence from plaintiff's prior application of disability benefits. In her

---

[2] An impairment is considered "non-severe" when it consists of a slight abnormality that only minimally affects an individual's ability to perform basic work activities. Basic work activities include the ability to walk, stand, sit, lift, push, pull, and other similar acts.

prior application, the state agency physician concluded that plaintiff suffered from arthritis of the hip, spine, and knees and had been diagnosed with "severe osteoarthritis of hips and knees." Although the state agency physician concluded that plaintiff was capable of light work, the restrictions imposed by the state agency physician belie the ALJ's conclusion here.  The Court agrees with plaintiff that these records, which pre- and post-date the onset of plaintiff's alleged disability are not wholly irrelevant to the step two analysis.  Rather, on the whole, the evidence unequivocally demonstrates that plaintiff suffered from arthritis of the knees both before and after the alleged onset date.  The evidence arising after the alleged onset date relates back in that it describes the ongoing nature of the left-knee symptoms.  There is no indication that plaintiff received any treatment for the arthritis in her knee or that the condition somehow improved. While the ALJ notes that plaintiff was able to sustain gainful employment after this time period, this information is relevant at later steps in the sequential equation.  A finding of "non-severe" impairment at step one is equivalent to a determination that plaintiff is capable of performing a full range of work.

The Court further agrees with plaintiff that the ALJ, while considering the accommodations made by her employer for purposes of step one, wholly ignored these same issues at step two.  For example, plaintiff's former employer indicated that plaintiff was provided a sitting job so that she did not have to stand.  The ALJ did not address this evidence in connection with step two.  On the whole, the Court finds that substantial evidence does not support the ALJ's conclusion that plaintiff's impairment is not severe.  The Court is very careful to note that this conclusion does not equate to a finding of disability at later steps in the sequential analysis.  This is especially so in light of the extremely limited "relevant period."

Rather, the Court simply finds that the evidence establishes that plaintiff suffers from a severe impairment and that substantial evidence does not exist to support the contrary conclusion.

## **CONCLUSION**

For the foregoing reasons, the Court REJECTS the R&R.  The decision of the Commissioner is VACATED and this matter is REMANDED for further proceedings consistent with this Opinion.

IT IS SO ORDERED.


    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge


Dated: 3/14/14